Filed 5/1/15  P. v. Delgado CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALBERT DELGADO,<br><br>    Defendant and Appellant. | D066175<br><br><br>(Super. Ct. Nos. SCD243672,<br> SCD239427)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on April 29, 2015, be modified as follows:

On page 1 of the opinion, the superior court case No. SCD234672 is deleted and in its place, the correct case number is inserted so that the caption now reads:  (Super. Ct. Nos. SCD243672, SCD239427).

**There is no change in the judgment.**


                                                                                HUFFMAN, Acting P. J.


Copies to:  All parties

Filed 4/29/15  P. v. Delgado CA4/1 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALBERT DELGADO,<br><br>    Defendant and Appellant. | D066175<br><br><br>(Super. Ct. Nos. SCD234672,<br> SCD239427) |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey S. Fraser and Timothy R. Walsh, Judges.  Affirmed.

Steven J. Carroll, under appointment by the Court of Appeal; Albert Delgado, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2012, Albert Delgado was charged in Case No. SCD239427 with two felonies, including a residential burglary. (Pen. Code, §§ 459, 460.)[1] The complaint also alleged several prior felony convictions, including a residential burglary conviction in 2009, which qualified as both a serious felony prior and a strike prior.

Following a preliminary hearing in April 2012, defendant was bound over, arraigned and released on bail.

In October 2012, defendant was arrested for three residential burglaries and four theft-related crimes resulting in the filing of a new case (SCD243672). Following a preliminary hearing and a motion to dismiss hearing pursuant to section 995, defendant was ultimately charged in January 2013 in an amended information with two counts of residential burglary and other felonies, plus several prior felony convictions, including the 2009 residential burglary conviction referenced above. Appellant was also charged with committing these offenses while released from custody on bail. (§ 12022.1, subd. (b).)

The parties reached a plea agreement resolving both cases and on July 11, 2013, defendant entered his pleas. In case No. SCD239427, he pled guilty to residential burglary, admitted the 2009 prior strike conviction, and agreed to a 32-month sentence (one-third the middle term of four years, doubled). In case No. SCD243672, he pled guilty to two residential burglaries; admitted the 2009 prior serious felony and strike

---

1    Subsequent statutory references are to the Penal Code.

conviction; and admitted he committed the current burglaries while released from custody on bail. Defendant agreed to a 13-year eight-month sentence, to run consecutive to case No. SCD239427.

On January 27, 2014, the court suspended the proceedings in both cases pursuant to section 1368 and ordered a mental competency examination. On March 12, the parties stipulated that Dr. David Naimark was qualified to render an opinion as to defendant's mental competency and the court received Dr. Naimark's report into evidence. The court found defendant was mentally competent to stand trial and reinstated criminal proceedings. On May 28, the court imposed the stipulated sentence in each case for a total term of 16 years four months.

### Case No. SCD239427

On February 9, 2012, the resident of a home in the Mission Hills area of San Diego heard a strange noise at the rear of his house. Upon investigation, he noted the screen on his window had been removed and defendant was attempting to open the window. In response to the victim inquiring whether defendant was trying to break in, defendant said that if he was not careful, people like him could easily come in and take his things. The victim called the police. As police approached the area, they observed defendant running down a flight of stairs and into a vehicle. Defendant ignored the officers' efforts to pull him over and a lengthy chase ensued with defendant crossing into Mexico without being apprehended. Defendant was arrested about two weeks later at his parole agent's office.

3

In July 12, 2012, two homes in Alpine were burglarized. Defendant's home was .14 miles from one of the homes and .37 miles from the other home.

Victim Kleist left her home around 9:45 a.m. that morning and when she returned a little after 11:00 a.m., she noticed a sliding glass door was open, her closet doors were open, and items were strewn all over her bedroom. Upon further inspection, she discovered several items were missing, including a gun, an iPod and a digital camera. She also saw an empty water bottle inside the house near the front door. Defendant's DNA matched the DNA on the water bottle. Items belonging to the victim were found in defendant's home.

Victim Cross left her home around 7:30 a.m., and when she returned around 11:30 a.m. she found her sliding glass door had been pried open and her front door was unlocked. Upon further inspection, she discovered several items were missing, including a shotgun and jewelry. Items belonging to the victim were found in defendant's home.

## DISCUSSION

Appointed appellate counsel has filed a brief setting forth the proceedings before the superior court. Counsel presents no argument for reversal, but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Likewise, counsel has reviewed the record but has not identified any possible, but not arguable issues, as permitted by *Anders v. California* (1967) 386 U.S. 738.

We granted defendant permission to file a brief on his own behalf. He has responded and raised two issues. We have reviewed these alleged errors and find they have no merit.

Defendant focuses on what he describes as his "ongoing mental health issues." He maintains the 2014 competency examination was inadequate, incomplete, and biased, and failed to take into account his mental health at the time of the crimes. Defendant does not include a copy of Dr. Naimark's report; he does not refer to information contained in the report; and he provides no evidence that at the time of the crimes in 2012 his mental health was such that it rose to the level of a viable defense. Defendant's conclusory assertions are insufficient to raise even a prima facie showing of error. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793.) Moreover, the record reflects the prosecutor and defense counsel stipulated that the doctor who performed the competency examination was qualified to do so; the doctor's report was received into evidence without objection; and the court considered it and found defendant competent to stand trial. On this record, there is no showing of error.

Defendant also contends neither he nor his attorney were provided with "a full or even a partial discovery." Defendant correctly notes that on the date set for his preliminary hearing in SDC243672, he complained that he had not been provided with discovery and requested a continuance. Defense counsel informed the court he was ready to proceed and indicated defendant might request to represent himself if the matter was not continued. Although the transcript is not entirely clear, it appears defense counsel had received sufficient discovery to proceed with the preliminary hearing, but that

5

defendant had not received a redacted copy of the discovery. The court denied the motion to continue the preliminary hearing and defendant did not indicate he wished to represent himself. There is no indication that counsel's ability to competently represent defendant at the preliminary hearing was in any way compromised by any purported inadequacy in the discovery process. In fact, at the conclusion of the preliminary hearing, the magistrate dismissed three counts. There is no showing the court abused its discretion in denying defendant's request to continue the preliminary hearing based on discovery issues. (See *People v. Jenkins* (2000) 22 Cal.4th 900, 1037.)

A review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738 has disclosed no reasonably arguable appellate issues. Competent counsel has represented Delgado on this appeal.

### DISPOSITION

The judgment is affirmed.

HALLER, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.

6